UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANTE H. PATTISON,

Plaintiff,

v.

THE STATE OF NEVADA, ex rel.
NEVADA DEPARTEMENT OF
CORRECTIONS, et al.,

Defendants.

Case No. 3:14-cv-00020-MMD-VPC

ORDER

## I.    SUMMARY

This removed prisoner civil rights action comes before the Court on Plaintiff Dante Pattison's motion to remand. (Dkt. no. 5.) Plaintiff contends that the action should be remanded because: (a) all of the defendants did not join in the removal; and (b) there is no federal question jurisdiction because he allegedly presented only state law claims in the complaint.

## II.    BACKGROUND

On January 9, 2014, the State of Nevada ex rel. the Nevada Department of Corrections (the "State") filed the notice of removal.  The State represented in the notice of removal that it had been served on December 10, 2013. The State further represented that the remaining six defendants had not joined in the removal because, to the best of its counsel's knowledge, the remaining defendants had not yet been properly served.

On January 22, 2014, the Clerk received and filed Plaintiff's motion to remand. Plaintiff attached a copy of a return of service reflecting that defendant Donni Jennings had been served on December 3, 2013, one week prior to service on the State. Plaintiff asserted in the motion that none of the defendants had consented to the removal. No evidence has been presented to the Court that any defendant other than the State and Jennings had been served at the time of the January 9, 2014, removal.

Defendant Jennings filed a notice of consent to the removal on February 6, 2014, within thirty (30) days of the notice of removal.

Thereafter, four defendants who were served subsequent to the removal filed joinders in the removal. Defendant Grant Lee was served on or about January 15, 2014, and filed a joinder on February 6, 2014. Defendant Cole Morrow was served on or about February 13, 2014, and filed a joinder on February 26, 2014. Defendant Francis Chelli was served on or about March 20, 2014, and filed a joinder on March 31, 2014. Defendant Kara Krause was served on May 15, 2014, and filed a joinder on May 27, 2014.

The record does not reflect that the remaining defendant, Bruce Bannister, has been served and/or has filed a joinder in the removal.

III.    **JOINDER IN THE REMOVAL**

Under 28 U.S.C. § 1446(a)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Accordingly, all properly joined defendants who also were properly served at the time of the removal must timely join in or consent to the removal. *See, e.g., Knight v. Mooring Capital Fund, LLC,* ___ F.3d ___, 2014 WL 1592225, at *2 (10th Cir. April 22, 2014); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 (9th Cir. 1988). A defendant may join in or consent to the removal either within the notice of removal or in a separate document reflecting joinder or consent. *See, e.g., Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009). However, the question of when a defendant's separate joinder or consent must be filed to be

2

1   timely does not appear to be definitively established in the Ninth Circuit, particularly

2   following recent amendments to the removal procedure statute.

3         By way of comparison, the Fifth Circuit has held that a defendant served at the

4   time of the removal must join in or consent to the removal within the thirty days allowed

5   for the filing of the removing defendant's notice of removal. *See, e.g., Getty Oil Corp. v.*

6   *Insurance Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). In the present case,

7   the application of such a rule would mean that Jennings' February 6, 2014, notice of

8   consent would be untimely because the State's thirty (30) days to remove expired on

9   January 9, 2014 — the same day that the State removed the action.

10         The Fifth Circuit's holding in *Getty Oil* was grounded in that Circuit's previously

11   established rule that the thirty-day removal period runs for all defendants from the date

12   on which the first defendant is served. 841 F.2d at 1263. The Ninth Circuit, however,

13   declined to follow the "first-served rule" underlying the holding in *Getty Oil*. In *Destfino v.*

14   *Reiswig*, 630 F.3d 952 (9th Cir. 2011), the Ninth Circuit instead adopted the "later-

15   served" rule, holding that each defendant had thirty (30) days from service on that

16   defendant to remove an action, without regard to whether another defendant had been

17   served earlier. *See* 630 F.3d at 955-56.

18         Thereafter, in amendments to 28 U.S.C. § 1446 effective on January 6, 2012,

19   Congress both: (a) adopted the later-served rule as controlling statutory law; and (b)

20   provided that earlier-served defendants could consent to a later-served defendant's

21   notice of removal. In pertinent part, Congress added the following provisions:

22         (B) Each defendant shall have 30 days after receipt by or service on that
          defendant of the initial pleading or summons described in paragraph (1) to
23         file the notice of removal.

24         (C) If defendants are served at different times, and a later-served
          defendant files a notice of removal, any earlier-served defendant may
25         consent to the removal even though that earlier-served defendant did not
          previously initiate or consent to removal.
26

27   28 U.S.C. § 1446(b)(2)(B) & (C).

28   ///

1    The amendments to § 1446 did not indicate, however, whether the earlier-served

2  defendant must consent to the removal within any particular time frame. *See also* Paul

3  E. Lund, *The Timeliness of Removal and Multiple-Defendant Lawsuits*, 64 Baylor L.

4  Rev. 50, 109 (2012) (discussing ambiguities regarding the amendments' application,

5  including the time allowed for the earlier-served defendant to consent).

6    The question of when the earlier-served defendant must reflect its consent

7  potentially could be resolved in several ways.

8    A court could hold, similar to the rule in the statutorily abrogated *Getty Oil*, that

9  the earlier-served defendant must consent within the thirty-day period allowed for the

10  later-served defendant's removal. Such a holding, however, could deprive an earlier-

11  served defendant of a realistic opportunity to consider whether to consent to the

12  removal and then to do so, and would run afoul of the later-served rule adopted by the

13  Ninth Circuit in *Destfino*. *Cf. McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924

14  (4th Cir. 1992) (stating, in a related context prior to the 2012 amendments, that

15  Congress did not intend to impose a Hobson's choice on defendants of having to either

16  forego removal or instead join hurriedly in a removal and face possible Rule 11

17  sanctions).   Moreover, a holding that the earlier-served defendant must consent within

18  the removing defendant's thirty-day removal period would conflict with the evident intent

19  of Congress in § 1446(b)(2)(B) & (C) to facilitate rather than impair the ability of

20  defendants in multiple-defendant cases to remove actions and consent to removal.[1]

21  ///

22

---

23  [1]The Court thus declines to follow cases requiring that the earlier-served
defendant must consent within the thirty-day period for the later served-defendant to

24  remove the case. Such holdings also derive directly or indirectly from a rule of
construction interpreting the removal statute strictly against removal. *See, e.g., Gurszka*

25  *v. Keylien Corp.*, 2013 WL 6858498, at *2 & *4 (E.D. Mo. Dec. 30, 2013). In the 2012
amendments, Congress rejected the more restrictive holdings that courts had reached

26  applying this strict rule of construction to removal in multiple-defendant cases. Applying
a rule of strict construction in this context would negate the effect of the 2012

27  amendments, which sought to adopt less restrictive rules regarding removal. *See also
Destfino*, 630 F.3d at 956 (noting that the Supreme Court had relaxed its presumption

28  against removal in construing the removal statute in *Murphy Bros., Inc. v. Michetti Pipe
Stringing, Inc.*, 526 U.S. 344 (1999)).

4

1  Alternatively, a court could hold that the time for an earlier-served defendant to
2  consent runs through the final thirty-day period during which the very last defendant
3  served could remove the action.  In the present case, where multiple defendants were
4  served after the removing defendant, this rule would give the earlier-served defendant
5  the ability to consider whether to consent to the removal during a period during which
6  other defendants also were able to consider the same option. Under this approach,
7  however, the earlier-served defendant once again could have only an unrealistically
8  limited period to consent to the removal if the very last defendant served then removed
9  at the very end of its thirty-day removal period. Thus, such an approach would also
10  conflict with the intent of the 2012 amendments to facilitate rather than impair the
11  opportunity to remove actions and consent to removal in multiple-defendant cases.

12  This Court instead holds, reading § 1446(b)(2)(C) in conjunction with § 1447(c),
13  that the earlier-served defendant must consent within thirty (30) days of the notice of
14  removal. This holding aligns the time for an earlier-served defendant to consent within
15  the time allowed under the removal statute for a motion to remand based upon the
16  procedural defect of lack of consent. This reading of the statute is the fairest for all
17  concerned.[2] The rule assures that an earlier-served defendant will have a reasonable
18  time to determine whether to consent after the notice of removal.[3] The rule further
19  enables the party challenging the removal to raise a clear and definitive procedural
20  defect in the removal that is readily discernible from the record at the time that the
21  motion to remand must be filed. Finally, this rule is consistent with the intent of the
22  ///
23  ///
24

25  [2]*Cf. McKinney*, 955 F.2d at 927 ("the removal procedure is intended to be 'fair to
26  both plaintiffs and defendants alike'"); *see also Destfino*, 630 F.3d at 955 (referring to
   the later-served rule as being "also the fairest reading of the statute").

27  [3]*Cf. McKinney*, 955 F.2d at 928 (relying in part on the 1988 extension of Rule 11
28  to removals to reject the first-served rule because it deprived later-served defendants of
   a reasonable opportunity to investigate the appropriateness of the removal).

5

1  statute to facilitate rather than impair the ability of defendants in multiple-defendant
2  cases to remove actions and consent to removal.[4]

3        Here, Jennings' consent was filed within thirty (30) days of the notice of removal.
4  The action is not subject to remand for lack of Jennings' consent, pursuant to §
5  1446(b)(2)(C). The Court accordingly holds that the removal is not subject to remand
6  based on the sole alleged procedural defect that Plaintiff timely raised in the motion to
7  remand within thirty (30) days of the removal under 28 U.S.C. § 1447(c).[5]

8  **IV.    FEDERAL QUESTION JURISDICTION**

9        A plaintiff is the master of his complaint. Accordingly, if he eschews reliance on
10  federal law and pursues only state law claims in a well-pleaded complaint, there is no
11  federal question jurisdiction. This conclusion holds true even if parallel federal claims
12  otherwise might be available on the same underlying facts that are alleged. *See, e.g.*,
13  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485-91 (9th Cir. 1996); *Redwood Theatres, Inc. v.*
14  *Festival Enters., Inc.*, 908 F.2d 477, 479-81 (9th Cir. 1990).

15        Plaintiff perhaps intended to frame his complaint exclusively under Nevada law,
16  including Nevada state constitutional protections against, for example, infliction of cruel
17  and unusual punishment. The pleading filed, however, did not effectuate any such
18  possible intent.

19        At the outset, on its first page, the complaint invokes "NRS 41.0322 and/or 42
20  U.S.C. § 1983." Federal question jurisdiction indisputably exists over an action brought
21  pursuant to § 1983, which provides a cause of action for "the deprivation of any rights,
22  privileges, or immunities secured by the Constitution and laws" of the United States.

23

24        [4]*See also Hones v. Young*, No. 2:12-cv-01951-JCM-PAL, 2013 WL 593401, at *3
25  (D. Nev. Feb. 13, 2013) (stating in passing that the removing defendant had thirty days
     from the filing of the notice of removal to cure the lack of consent).

26        [5]Under Ninth Circuit precedent, a plaintiff who files a timely motion to remand
27  within thirty days under 28 U.S.C. § 1447(c) can obtain remand based only upon a
     procedural defect raised within the thirty day period. *See N. Cal. Dist. Council of*
28  *Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

1    Plaintiff did preface the complaint with a declaration that each cause of action
2    was based upon a number of Nevada state constitutional, statutory and other
3    provisions.  However, at the end of the preface, Plaintiff added the phrase "and any and
4    all other applicable statutes and laws which might apply." Plaintiff perhaps could have
5    qualified this phrase by instead stating "any and all other applicable Nevada statutes
6    and Nevada laws which might apply." However, he did not do so.[8]

7    Following his invocation of § 1983 and his preface, Plaintiff further referred in the
8    causes of action to denials of constitutional rights, including the right to due process.
9    Plaintiff did not qualify such references by explicitly tying the reference to a specific
10   Nevada state constitutional guarantee.[9]

11   Moreover, plaintiff explicitly invoked federal law in his second cause of action,
12   which alleges a deprivation of psychiatric care. There, Plaintiff alleged "[t]hat defendants
13   are required by state and federal law to provide adequate psychiatric care and personal
14   safety."[10]

15   Finally, in the prayer, plaintiff explicitly invoked a number of Nevada constitutional
16   and statutory provisions. However, he again added the expansive reference to "and any
17   and all other applicable statutes and/or laws relevant herein." Plaintiff once again did not
18   qualify this phrase to reference only other applicable Nevada statutes and/or Nevada
19   laws.[11]

20   In short, if plaintiff wished to invoke only state law in order to avoid removal
21   based upon federal question jurisdiction, he needed to use language in the complaint
22   invoking only Nevada state law without also referring to other applicable law.  He did not
23   do so here.

24   _____

[8]Dkt. no. 1-1, at 2, lines 4-9.

25
26   [9]Id., at 12, lines 14-17 & 21-23; 14, line 8; 18, lines 19-21; see also id., at 6, line 23.

27   [10]Id., at 21, lines 19-21.

28   [11]See id., at 31, lines 9-11.

7

1    The removing defendant therefore properly invoked federal question jurisdiction

2  in removing the action.[12]

3  **V.     CONCLUSION**

4    It is therefore ordered that Plaintiff's motion (dkt. no. 5) to remand is denied. The

5  Court is issuing a separate order on the remaining pending motions also on this date.

6

    DATED THIS 3rd day of June 2014.

7

8

9  MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    [12]Plaintiff contends, *inter alia*, that there is concurrent jurisdiction over § 1983
26  actions, such that the state courts have jurisdiction over a § 1983 action.  Be that as it
    may, the question here is whether a *federal* court has jurisdiction over the action. If
27  there is concurrent jurisdiction, as there is over a § 1983 action, then the federal court
    by definition also necessarily has jurisdiction. That is all that is required jurisdictionally to
28  remove the action based on federal question jurisdiction.

8