# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANTE PATTISON, | 3:14-cv-00020-MMD-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the court are several motions: docket numbers 84, 88, 92, 94, 95, 107, 113, 119, and 129. Having reviewed the motions and corresponding papers, this order follows.

## I.   Transfer of All Motions to the District Court (#s 84, 94)

Plaintiff first seeks to transfer all motions to the "exclusive jurisdiction" of the District Court because he "does not consent to any further involvement" of this court (#84). He argues that 28 U.S.C. § 636 provides to him a right to have all motions resolved by the District Court.

The motion (#84) is **DENIED**. United States Magistrate Judges are authorized to hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A) or the Local Rules of Practice. Plaintiff's consent is not required for this court to resolve his non-dispositive pre-trial motions. To the extent plaintiff disagrees with an order of this court, he may file an objection with points and authorities for the District Court's consideration. Plaintiff's motion (#94) to enlarge the time to reply to defendants' opposition is **DENIED as moot**, as he replied and briefing on this issue has concluded.

## II.   Motions to Add Defendants (#s 92, 119)

Next, plaintiff moves to add several defendants based upon new discovery: in docket number 92, he seeks to add as defendants "DDO Cox" and "LC Adams," and in docket number 119, he seeks to add Nancy Flores. Defendants oppose the latter motion on several bases,

including that amendment is not warranted by Federal Rules 15 and 16, and the motion is also procedurally deficient under Local Rule of Practice II 15-1.

The motions (#92, 119) are **DENIED**. First, under the Local Rules of Practice, a party seeking to amend must "attach the proposed amended pleading to any motion to amend . . . ." LR II 15-1. Plaintiff may not simply add a defendant by naming individuals in a motion; instead, he must prepare an entirely new complaint and submit it along with a motion seeking leave to amend.

Second, both motions are untimely. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotation omitted). Federal Rule 16 allows the court to enter a scheduling order and "grants broad discretion in supervising the pretrial phase of litigation . . . ." *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'" *Id.* (citation omitted).

Plaintiff filed docket 92 on February 9, 2015, and docket 119 on April 9, 2015. This court's scheduling order (#62) provided an amendment deadline of January 17, 2015. The motions are thus untimely.

**III.   Discovery Motions (#s 88, 95)**

**a.   Docket 88**

Plaintiff's first discovery-related motion, captioned "Demand for Discovery," apparently seeks mental health records, "witness," and "any exhibits." Defendants oppose on the bases that plaintiff may kite for his medical records, and that it is unclear what discovery plaintiff seeks by his references to witnesses and exhibits. (#97 at 2.) In reply, plaintiff quotes Federal Rule of Civil Procedure 26; although he makes no explicit statement that such disclosures were not tendered to him, the court believes that this may be his argument.

The motion (#88) is **DENIED**. The court is uncertain what discovery, in particular, that plaintiff desires. Plaintiff and defendants are directed to **MEET AND CONFER** as required by the Federal Rules of Civil Procedure. If, and only if, plaintiff believes discovery remains outstanding after engaging in good faith efforts with defendants to obtain the information, he shall file a "motion to compel" that "set[s] forth in full the text of the discovery originally sought and the response thereto, if any." *See* Local Rule of Practice II 26-7. The court will entertain such a motion even though the period of discovery has closed.

**b.    Docket 95**

Plaintiff's second discovery motion seeks to enlarge the time for discovery. He argues that defendants failed to respond to his discovery request dated February 3, which the court understands as a reference to his motion at docket number 88. Defendants argue that plaintiff has not presented a meritorious basis for extending discovery, but they also state they would not oppose extension for the sole purpose of allowing further depositions for which plaintiff pays and schedules. (#105 at 3.)

The motion (#95) is **DENIED**. The period for discovery has closed and shall not be extended. Plaintiff had an ample time to depose defendants if he wished. Moreover, plaintiff's motion fails to identify particular discovery deficiencies, his previous efforts to resolve the dispute, and actions by defendants that do not conform with their obligations under the Federal Rules. Plaintiff is directed to the court's order on docket number 88 (see above) regarding his late opportunity to bring discovery violations to the court's attention.

**IV.    Motions for *In Forma Pauperis* Status (#s 107, 113)**

Plaintiff seeks *in forma pauperis* status at dockets 107 and 113. The filings are identical, except that plaintiff signed the latter.

The motions (#s 107, 113) are **DENIED** because they are not accompanied with a statement from plaintiff's inmate trust account. 28 U.S.C. § 1915(a)(2) requires that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, . . . submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Accordingly, plaintiff's motions are deficient.

### V.     Motion for Enlargement of Time (#129)

Finally, plaintiff moves (#129) for an enlargement of time by at least sixty days in which to oppose defendants' cross-motion for summary judgment and also file his reply to defendants' opposition to his summary judgment motion. He so seeks on the bases that the court granted defendants many months of extension to oppose his summary judgment motion, that he has an upcoming trial, and that he expects to be moved to Ely State Prison in the near future.

The motion (#129) is **GRANTED in part.** Plaintiff shall have until **July 6, 2015** to file his opposition to their motion, and also a reply to their opposition. The parties are advised that **no further extensions shall be granted** for any reason with respect to summary judgment briefing. Defendants may reply to plaintiff's opposition as provided by applicable rules.

**IT IS SO ORDERED.**

**DATED**: May 14, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**