# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANTE PATTISON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Defendants. | 3:14-cv-00020-MMD-VPC<br><br>**<u>MINUTES OF THE COURT</u>**<br><br><br>June 2, 2015 |

PRESENT:　　<u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:　　<u>　　　LISA MANN　　　</u>　　REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING　　　　　　　　　　</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING　　　　　　　　　</u>

**MINUTE ORDER IN CHAMBERS:**

　　　　Before the court are plaintiff's motion for reconsideration (#131) and motion for enlargement of time (#133).

　　　　First, plaintiff moves the court to reverse its prior denials of his petitions to proceed *in forma pauperis*. Plaintiff's motions were not accompanied by an inmate trust account statement. (*See* #130.) Although plaintiff may have attached such statements when he filed this action in state court prior to its removal, a grant of IFP status in this court requires a current inmate trust account statement. The court's ruling was not in error. The motion (#131) is **DENIED**.

　　　　The court also wishes to inform plaintiff that IFP status, at this juncture, is of no benefit to him. Defendants removed this action from state court and thus they, rather than he, paid the filing fee. (*See* #1.) The only benefit to inmate plaintiffs from *in forma pauperis* status, beyond the modified fee schedule in 28 U.S.C. § 1915, is service of defendants through the United States Marshal Service. There are no outstanding defendants who require service. Therefore, IFP status provides no benefit to plaintiff, and further motion practice around the issue is simply dilatory.

　　　　Second, the motion to enlarge (#133) is **GRANTED IN PART**. The court understands that plaintiff is involved in state court litigation that commands his attention in the next several

days. Accordingly, plaintiff shall have until **Wednesday, June 24, 2015** to file a reply to defendants' opposition to his motion to compel. **No further extensions shall be granted**.

Finally, the court reminds plaintiff that his opposition to defendants' summary judgment motion is due on **Monday, July 6, 2015**. As described in the court's prior order (#130), no further extensions shall be granted. Plaintiff is advised to manage his time carefully so that he may timely file briefs on both motions. In light of the pending discovery motion, plaintiff is instructed, to the extent he believes that his opposition requires documents have been allegedly withheld by defendants in violation of applicable discovery rules, to describe the documents in his opposition and support his contention with an affidavit as Rule 56(d) of the Federal Rule of Civil Procedure requires.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
    Deputy Clerk