# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANTE PATTISON, | 3:14-cv-00020-MMD-VPC |
| Plaintiff, | **MINUTES OF THE COURT** |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | June 25, 2015 |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion to compel certain written discovery and for discovery sanctions (#128). Defendants opposed (#132).

The motion (#128) is **DENIED**. Pursuant to the court's scheduling order (#62), the deadline for propounding written discovery in this case was February 16, 2015. Plaintiff's interrogatories, dated March 19, 2015 (#132-2), were untimely. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril. . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotation omitted). Plaintiff has failed to demonstrate good cause for the court to disregard this deadline. In absence of good cause, the court declines to order defendants to revise interrogatory responses that they had no obligation to answer.

Moreover, plaintiff is obligated to comply with the Federal Rules of Civil Procedure, which require him to meet and confer with defendants to resolve discovery issues before filing a motion to compel. *See* Fed. R. Civ. P. 37. The record indicates that plaintiff wrote to defendants' counsel on April 22, 2015 about the purported deficiencies (#132-3). Defendants' counsel responded on May 5, 2015 and scheduled a May 14, 2015 telephonic meeting, at which

the parties would "resolve this simple matter without burdening the Court." (#132-4.) Plaintiff filed his motion to compel three days prior to the scheduled phone call. (*See* #128). Therefore, it is apparent that plaintiff has wholly disregarded his <u>obligation to meet and confer</u> and the court accordingly refuses to entertain his motion. Discovery in this case is closed.

**IT IS SO ORDERED.**

                                          LANCE S. WILSON, CLERK

                    By:                /s/
                                     Deputy Clerk