**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANTE PATTISON,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, *et al.,*<br><br>            Defendants. | 3:14-cv-00020-MMD-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (#89). Defendants opposed (#100). The court has reviewed plaintiff's motion and opposition, and hereby recommends that the motion be denied.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Dante Pattison ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Pursuant to 42 U.S.C. § 1983, plaintiff brings several civil rights claims against officials employed by the NDOC and also High Desert State Prison ("HDSP"), where he was incarcerated during the alleged events giving rise to this action.

On June 3, 2014, the District Court screened plaintiff's complaint (#33). It permitted the following claims to move forward: in count I, individual-capacity claims under the First Amendment; in counts II and III, individual-capacity claims under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs; and various supplemental state law claims. (#33 at 6-7.) On November 21, 2014, plaintiff filed a motion for a preliminary injunction (#27) in which he seeks an order prohibiting the NDOC from transferring plaintiff between various NDOC institutions between May and June 2015, discontinuing medications and therapy, and forbidding any person from discussing the details of his pending case other than Attorney

General's Office and "above people" whom he does not identify. (#89 at 2.) This recommended disposition follows.

## II.     LEGAL STANDARD

Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Such remedies are disfavored, as they are "extraordinary and drastic . . . ." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted); *see also Winter v. Natural Res. Defense Council*, 555 U.S. 7, 21 (2008). Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). Accordingly, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally[,]" and the court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Although the Ninth Circuit has not directly addressed the issue, other courts of appeals have repeatedly held that a litigant seeking preliminary injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

When seeking a preliminary injunction, the moving party must satisfy several showings. He must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In circumstances where the likelihood of success is uncertain because of "serious questions" relating to the merits of the case, but irreparable injury is likely and the balance of hardships "tips sharply" in the movant's favor, the Ninth Circuit also employs a "sliding scale" test. *Cottrell*, 632 F.3d at 1134-35. Thereunder, an injunction is appropriate where the other three factors weigh heavily in the movant's favor and the "costs outweigh the benefits of not granting an injunction." *Id*. at 1133-34 (quoting and discussing

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

Other considerations also apply to preliminary injunctive relief within the prison context. First, in contrast to injunctive relief that maintains the status quo, a more stringent standard applies where a party seeks affirmative relief. When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Second, courts must weigh additional factors in inmate civil rights litigation. Under the Prison Litigation Reform Act ("PLRA"),

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

### III.   DISCUSSION

The court recommends that plaintiff's motion be denied. First, certain items are outside the scope of the complaint and are also moot. Second, plaintiff has failed to establish his entitlement to relief under the relevant factors.

**1.   The injunction does not relate to the underlying lawsuit.**

As described, this case principally concerns First Amendment and Eighth Amendment claims. Therefore, plaintiff's requests regarding transfer and an apparent gag order fall outside the complaint's scope and are not properly subjects of an injunction. *De Beers*, 325 U.S. at 220; *Devose*, 42 F.3d at 471. Moreover, the transfer-related issues are now moot for those dates have now passed.

**2.   Plaintiff has not demonstrated his entitlement to injunctive relief.**

The movant must carry the burden of establishing his entitlement to a preliminary injunction. *See Winter*, 555 U.S. at 20 (setting forth four considerations that the movant must satisfy); *Cottrell*, 632 F.3d at 1131 (same). Here, plaintiff's scant motion does not satisfy the

3

requirement. The requests related to therapy and medication are accompanied by no facts or arguments regarding his likelihood of prevailing, the manner and extent of harm he would face without injunctive relief, the hardships to be borne by each party, and considerations of the public interest. Similarly unaccompanied by facts and arguments are his transfer and gag order requests. Accordingly, there is nothing presented in the motion to which this court may apply the relevant factors. As such, the court recommends that the motion be denied.

## IV.   CONCLUSION

Because plaintiff seeks remedy for conduct outside the scope of this litigation, and also because he has not carried his burden of establishing entitlement to injunctive relief, the court recommends that his motion for a preliminary injunction (#89) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#89) be **DENIED**.

**DATED**: July 2, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**

4