1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8                                  * * *
9    DANTE PATTISON,                      Case No. 3:14-cv-00020-MMD-VPC
10                          Plaintiff,                    ORDER
11        v.
     STATE OF NEVADA, et al.,
12
                            Defendants.
13

14   **I.     SUMMARY**

15          In separate orders, United States Magistrate Judge Valerie P. Cooke resolved

16   certain pretrial issues, including denial of Plaintiff's motion for appointment of counsel,

17   denial of Plaintiff's request to stay his deposition and denial of his request for waiver of

18   all fees relating to depositions. (Dkt. nos. 82, 103.) Plaintiff has moved for

19   reconsideration by the undersigned. (Dkt. nos. 85, 105, 106.) For the reasons discussed

20   herein, Plaintiff's motions are denied.

21   **II.    STANDARD OF REVIEW**

22          Magistrate judges are authorized to resolve pretrial matters subject to district

23   court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. §

24   636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may

25   reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

26   pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is

27   clearly erroneous or contrary to law."). "This subsection would also enable the court to

28   delegate some of the more administrative functions to a magistrate judge, such as . . .

assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.   DISCUSSION

### A.   Appointment of Counsel (dkt. no. 85)

As an initial matter, the Court will address Plaintiff's motion for an extension of time to file a reply in support of his motion for reconsideration relating to denial of his request for appointment of counsel. (Dkt. no. 112.) Local Rule IB 3-1(a) only permits an objection and a response; it does not provide for the filing of a reply.[1] The Court will therefore not entertain a reply. Plaintiff's motion for extension of time (dkt. no. 112) is denied as moot.

Plaintiff challenges the Magistrate Judge's decision to deny his motion for appointment of counsel. (Dkt. no. 85.) Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court is able to request an attorney for a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). While Plaintiff moved for counsel to be appointed, the Court's authority is limited to requesting counsel for Plaintiff. Under LR IB 3-1, 28 U.S.C. § 636(b) and Rule 72, the Court may reconsider a Magistrate Judge's pre-trial order where

---

[1]The electronic filing system automatically generates a reply due date depending on the type of response that the filing party selects. Here, the system generated a notice with a reply due date when Defendants filed their response to Plaintiff's motion. (Dkt. no. 102.) However, such notice does not give a party the right to file the referenced document when that right is not provided for under LR IB 3-1(a).

the order is timely objected to and clearly erroneous or contrary to law. The Court reviews the Magistrate Judge's order *de novo* but recognizes that the decision to refuse to request counsel pursuant to 28 U.S.C. § 1915(e)(1) is discretionary. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998).

The Court may only request counsel in exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  In order to determine whether exceptional circumstances exist, the Court must consider "'the likelihood of success on the merits'" as well as the ability of the plaintiff to articulate his arguments "'in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). Neither of these considerations is dispositive and the Court must examine them together. *Id.* (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff argues that he has demonstrated extraordinary circumstances to warrant appointment of counsel based on his long history of mental illness which qualifies him as disabled under the Americans with Disabilities Act, his claim that he is the "victim of very powerful political foes," the nature and complexities of his claims and the difficulty of conducting and responding to discovery.[2]  (Dkt. no. 85 at 1-2, 5-6.)

The Magistrate Judge found that the circumstances of this case do not meet the exceptional circumstances requirement for appointment of counsel. (Dkt. no. 82 at 1-2.) The Magistrate Judge further observed that Plaintiff has shown he is able to litigate this case on his own. The Court agrees with the Magistrate Judge. Plaintiff's filings, including his objections, demonstrate that he is able to clearly articulate his claims and arguments. Moreover, while Plaintiff has two claims under the First Amendment and the Eighth Amendment that have survived the screening, he has not sufficiently demonstrated that ///

---

[2]Plaintiff offers a copy of a neuropsychological assessment prepared in 2003 and amended on 2004 as support for his claim of mental illness. (Dkt. no. 85-1, Exh. A.) At that time, Plaintiff was diagnosed as having "Schizophrenia, Paranoid type, chronic with features of Capgras Syndrome." (Dkt. no. 85-1 at 27.)

these claims are likely to succeed. The Court therefore declines to reconsider the Magistrate Judge's order denying Plaintiff's' motion for appointment of counsel.

### B. Stay of Plaintiff's Deposition (dkt. no. 105)

Plaintiff contends that the Magistrate Judge granted Defendants' motion to take his deposition without considering his response.  The Magistrate Judge issued an order granting the motion for leave to take Plaintiff's deposition on the same day his response was due. (Dkt. no. 80.) As the Magistrate Judge indicated, these types of motions are routinely granted without briefing. (Dkt. no. 103 at 1.)  Defendants have a right to depose Plaintiff as the party initiating this action and Plaintiff cannot avoid being deposed. (*Id.*) Plaintiff has not demonstrated that the Magistrate Judge's decision is clearly erroneous or contrary to law.

### C. Deposition Fees (dkt. no. 106)

Plaintiff appears to argue that because he was allowed to proceed *in forma pauperis* in state court before this action was removed, his *in forma pauperis* status should entitle him to a waiver of fees relating to depositions.  However, as the Magistrate Judge correctly noted in citing to Local Special Rule 1-8, "even assuming *arguendo* that plaintiff could be considered *in forma pauperis*, an order granting *in forma pauperis* status does not extend to the expenses of litigation." (Dkt. no. 103 at 1.)  Moreover, Plaintiff's request for waiver of deposition fees is not authorized under 28 U.S.C. § 1915. *See Tedder v. Odol*, 890 F.2d 210, 211 (9th Cir. 1989) (agreeing with other circuits in finding that section 1915 does not permit waiver of witness fees) (citations omitted).

## IV. CONCLUSION

It is therefore ordered that Plaintiff's motions for reconsideration (dkt. nos. 85, 105, 106) are denied. It is further ordered that Plaintiff's motion for extension of time (dkt. no. 112) is denied as moot.

DATED THIS 31st day of July 2015.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4