UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANTE PATTISON,<br><br>                      Plaintiff,<br>     v.<br>STATE OF NEVADA, et al.,<br>                      Defendants. | Case No. 3:14-cv-00020-MMD-VPC<br><br>ORDER |

**I.  SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Valerie P. Cooke ("R&R") relating to Plaintiff's Motion for Summary Judgment (dkt. no. 64) and Defendants' Cross-Motion for Summary Judgment (dkt. no. 123). (Dkt. no. 145.) Plaintiff has filed an objection to the R&R ("Objection") (dkt. no. 146) and Defendants have filed a response (dkt. no. 148). For the reasons discussed below, the Court adopts the R&R.

**II.  BACKGROUND**

On June 3, 2014, the Court screened this removed prisoner civil rights action and permitted three claims to proceed: (a) the First Amendment retaliation in the first cause of action; and (b) the Eighth Amendment deliberate indifference to a serious medical need in the second and third causes of action. (Dkt. no. 33 at 6.) On December 2, 2014, Plaintiff filed his Motion for Summary Judgment. (Dkt. no. 64.) The Magistrate Judge properly stayed briefing on Plaintiff's Motion. (Dkt. no. 81.) Defendants subsequently responded and filed its Cross-Motion for Summary Judgment. (Dkt. nos. 122, 123.) The

Magistrate Judge recommended granting summary judgment in favor of Defendants. (Dkt. no. 145.)

### III. STANDARD OF REVIEW

#### A. Review of the Magistrate Judge's R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

#### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

Plaintiff recites his objections to virtually all of the Magistrate Judge's rulings in this case, some of which he previously raised via motions for reconsideration. The Court addressed the objections that were raised (*see* dkt. nos. 78, 144) and will not revisit

3

them. Moreover, based on the Court's review of the records and the Magistrate Judge's rulings, Plaintiff's allegations of unfair treatment is unfounded.[1] Plaintiff has also disregarded the Court's admonition to "dial down" his rhetoric. (Dkt. no. 33 at 5.) Plaintiff can certainly express disagreements with the Magistrate Judge's findings without resorting to personal attacks.

The Court will next address the arguments raised in Plaintiff's Objection that are material to the parties' respective motion for summary judgment and the Magistrate Judge's recommendations.

### A. First Amendment Retaliation Claim

Plaintiff's First Amendment retaliation claim is premised on his allegations that he won his state lawsuit on August 18, 2011, and Defendants Dr. Lee, Chelli and Kraus thereafter retaliated against him. (Dkt. no. 1-1 at 16-17.) Plaintiff alleges that Dr. Lee terminated his "antidepression medication and ended treatment for Plaintiff's serious medical condition, depression, altogether" and that Dr. Lee acted at the direction of Kraus. (*Id.*)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2013). The Magistrate Judge found that Plaintiff cannot demonstrate the first two elements.

The Magistrate Judge found that Dr. Lee did not take any adverse action against Plaintiff. In particular, the Magistrate Judge determined that the records establish a medical reason for changing Plaintiff's medication and show that Dr. Lee did not end all

---

[1] For example, Plaintiff asserts that he disputes all medical records filed under seal on the basis that he has been "barred from reviewing [them] despite repeated requests to NNCC Wardens Office which have gone unanswered." (Dkt. no. 146 at 9.) Several pages later in his Objection, Plaintiff then states that he "was only allowed a single brief flip through" of his unredacted medical file.

4

treatment as Plaintiff claims. (Dkt. no. 145 at 7-8.) In his Objection, Plaintiff reiterates that he has been treated for depression and has been suffering from post-traumatic stress disorder ("PTSD") since 2001 and has received "that minimum level of constitutionally required" care until October 13, 2011 when Dr. Lee terminated his "Antidepressant Class Medication specifically designed and prescribed to alleviate [his] depressive mental illness."[2] (Dkt. no. 146 at 9.) Plaintiff further claims that Dr. Lee terminated Plaintiff's treatment by terminating the only "antidepressant class medication" that his body can handle.[3] (*Id.* at 7, 10.) In response, Defendants again recite the records of Plaintiff's medical treatment to show that Plaintiff received continued treatment for his PTSD and depression after October 13, 2011. (Dkt. no. 148 at 2-7.) Dr. Lee attests that he examined Plaintiff on October 13, 2011; Plaintiff told Dr. Lee was feeling sleepy and dry mouth. (Dkt. no. 123-9 at 4-5.) Because these are side effects of Elavil, Dr. Lee prescribed a treatment plan to taper off Elavil. (*Id.*) The medical records show that Plaintiff received continued treatment for his mental illness. (Dkt. no. 124.) These records support the Magistrate Judge's finding that Dr. Lee did not take any adverse action against Plaintiff.

With respect to the second element of causation, the Magistrate Judge found that there is no evidence to support Plaintiff's claim that Dr. Lee and Chelli had any knowledge of his protected First Amendment activity (i.e., his lawsuit in state court). The Magistrate Judge concluded that Plaintiff cannot establish any causal connection

---

[2] Plaintiff objects to the Magistrate Judge's reference to the medication Elavil as a "psychotropic medication" when, according to Plaintiff, Elavil is more accurately identified as an "antidepressant medication." (Dkt. no. 146 at 6.) Even accepting Plaintiff's characterization, the distinction is irrelevant for the purposes of determining the merits of Plaintiff's claims.

[3] At the same time, Plaintiff challenges the Magistrate Judge's characterization of his claim that "Plaintiff contends that treatment of his mental illnesses entirely ceased." (Dkt. no. 146 at 6.) The Court sees no clear distinction between such a statement and Plaintiff's statement in his Objection that Dr. Lee terminated his treatment that was in placed before October 13, 2011 "with no replacement treatment." (*Id.* at 7.) To the extent Plaintiff's claim is for termination of the Elavil medication that was in place before October 13, 2011, the Court addresses this contention in connection with Plaintiff's Eighth Amendment claims.

between any actions Dr. Lee and Chelli may have allegedly taken and Plaintiff's lawsuit. (Dk. No. 145 at 7.) The Magistrate Judge further found that the there is no evidence to support Plaintiff's claim that Kraus had any involvement with the decision to modify Plaintiff's medication or treatment plan. (*Id.* at 8.)

Plaintiff relies on a statement that Dr. Lee purportedly made in Plaintiff's presence when Dr. Lee terminated his treatment on October 13 2011: "They said he uses heavy amounts of drug on the streets!!!" (Dkt. no. 146 at 10-15.) Plaintiff argues that that Dr. Lee was referring to Chelli and Kraus. However, even assuming such a statement was made and construing the statement in the light most favorable to Plaintiff, the statement does not demonstrate that Dr. Lee had any knowledge about Plaintiff's lawsuit or the decision in that lawsuit. Nor does it show that Dr. Lee even had any discussion with Chelli and Kraus about Plaintiff. Dr. Lee's alleged statement does not amount to even "a scintilla of evidence" to support Plaintiff's position that Dr. Lee, Chelli and Kraus conspired to retaliate against him sufficient to defeat summary judgment. *See Anderson*, 477 U.S. at 252.

### B. Eighth Amendment Claims

The Magistrate Judge recommends granting summary judgment in favor of Defendants on Plaintiff's two claims under the Eighth Amendment for deliberate indifference to a serious medical need. In the R&R, the Magistrate Judge detailed the extensive medical records evidencing the continuing care Plaintiff received due to his mental illness after October 13, 2011. (Dkt. no. 145 at 7-8, 12-14.) Based on these records, the Magistrate Judge found that Plaintiff cannot demonstrate that Dr. Lee and Chelli were deliberately indifferent to his medical needs. Because Plaintiff's claim is Kraus directed Dr. Lee to terminate treatment, the Magistrate Judge determined that Plaintiff similarly cannot succeed on his claims against Kraus. (*Id.* at 14.) The Court agrees.

The Eighth Amendment compels the state "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

Medical care claims proceed under a two-part test. The plaintiff must satisfy "an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and [also] a subjective standard — deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012)) (internal citations and quotation marks omitted). The subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. First, only where a prison "official 'knows of and disregards an excessive risk to inmate health and safety'" is the subjective element satisfied. *Jett v. Penner*, 439 F.3d 1090, 1096 (9th Cir. 2006). (quoting *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004)). Not only must the defendant prison official have actual knowledge from which he or she can infer that a substantial risk of harm exists, but he or she "must also draw that inference." *Id.* at 837. The standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other[,]" *Farmer v. Brennan*, 511 U.S. 825, 836 (1994), and does not include accidental or unintentional "failure[s] to provide adequate medical care." *Estelle*, 429 U.S. at 105-06. Second, the defendants' conduct must consist of "more than ordinary lack of due care." *Farmer*, 511 U.S. at 835. The medical care due to prisoners is not limitless, as "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Prison officials are not, therefore, deliberately indifferent simply because they selected or prescribed a course of treatment or care different than the one the inmate requests or prefers. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 2007). Only where the prison's chosen course of treatment is "medically unacceptable under the circumstances" are the officials' medical choices constitutionally infirm. *Colwell*, 763 F.3d at 1068 (quoting *Snow*, 681 F.3d at 988) (internal quotation marks omitted).

Plaintiff cannot demonstrate the subjective element required to show deliberate indifference. The records recited in the R&R and reiterated in Defendant's response to

1 Plaintiff's Objection show that Plaintiff received extensive care for his mental illness.
2 (Dkt. no. 145 at 7-8, 12-14; dkt. no. 148 at 2-7; dkt. nos 123, 124.) In his Objection,
3 Plaintiff continued to maintain that Dr. Lee terminated treatment for his mental illness,
4 but this claim is not supported by the undisputed medical records. Even accepting
5 Plaintiff's contention that Dr. Lee ended his "antidepressant medication" that he had
6 received up to October 13 2011, when he did not complain of any symptoms, the
7 medical records show Plaintiff continued to be monitored and received medications and
8 treatment that Dr. Lee deemed appropriate for Plaintiff's mental illness. (*Id.*; dkt. no. 123
9 at 3-6.) Just because Plaintiff disagreed with the treatment plan provided—tapering
10 Plaintiff off of the anti-depressant medication (Elavil) that he had been on—does not
11 mean Dr. Lee or Chelli was deliberately indifferent to his medical needs. *See McGuckin*
12 *v. Smith*, 974 F.2d at 1060. The Court thus agrees with the Magistrate Judge's findings
13 as to Plaintiff's deliberate indifference claims.

14 **IV. CONCLUSION**

15 The Court notes that the parties made several arguments and cited to several
16 cases not discussed above. The Court has reviewed these arguments and cases and
17 determines that they do not warrant discussion as they do not affect the outcome of the
18 parties' motions or the Court's review of the R&R.

19 It is therefore ordered that the Report and Recommendation of United States
20 Magistrate Judge Valerie P. Cooke (dkt. no. 145) is adopted in full. Plaintiff's Objection
21 (dkt. no. 146) is overruled.

22 It is ordered that Plaintiff's Motion for Summary Judgment (dkt. no. 64) is denied.

23 It is ordered that Defendants' Cross-Motion for Summary Judgment (dkt. no. 123)
24 is granted.

25 It is ordered that Defendant's motion for leave to file medical records under seal
26 (dkt. no. 121) is granted.

27 It is further ordered that Plaintiff's application for leave to proceed in forma
28 pauperis (dkt. no. 147) is denied as moot.

The Clerk of the Court is instructed to enter judgment in favor of Defendants and close this case.

DATED THIS 23rd day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

The Clerk of the Court is instructed to enter judgment in favor of Defendants and close this case.

DATED THIS 23rd day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE